### Morgan *vs.* Swann, Stewart & Company.

1. The verdict being against the wife's title in a contest with her husband's creditors, the record discloses no reason for not accepting it as true. Juries, as a general rule, need no encouragement to vindicate the wife's rights in such controversies, where her title is *bona fide.*
2. The omission to charge the jury without special request on such plain matters as that mere possession by the husband of the wife's property will not subject it to his debts, and that conflicting testimony ought to be reconciled if practicable, will not work a new trial.

May 21, 1888.

Husband and wife. Title. Verdict. Charge of court. New trial. Before Judge Boynton. Newton superior court. September term, 1887.

Report unnecessary.

Toombs Spearman and Emmett Womack, for plaintiff in error.

Capers Dickson, *contra.*

Bleckley, Chief Justice.

This case embraced only a question of fact, as to the ownership of a mule. The claimant was the wife of the debtor, and she set up a title to the mule by purchase from her husband before the judgment lien in behalf of the creditors was established.

1. Juries, as a general rule need no encouragement to

find in favor of the wife's title as against her husband's creditors, where her title is *bona fide;* and we see no cause in this case for not accepting the verdict as true.

2. Complaint is made that the court failed to charge the jury that mere possession in the husband, the debtor, would not subject the property, the same being consistent with the wife's title. Also, that the court omitted to charge as to the duty of the jury to reconcile conflicting evidence. But there was no request made to instruct upon these subjects; and we think a new trial should not be granted for the omission. The jury would know that if the property belonged to the wife, the possession of the husband ought not to subject it. There would be no danger of a jury making that mistake, and subjecting the property merely because the husband had it in possession, if it really belonged to the wife.

The duty of reconciling conflicting evidence is so obvious that there was certainly no error calling for a new trial in the omission to charge upon it without special request.

Judgment affirmed.